1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
7

8

9   ZEL NORMAN,                        )
                                       )
10              Petitioner,            )        3:13-cv-00384-LRH-VPC
                                       )
11  vs.                                )
                                       )              ORDER
12  ISIDRO BACA,                       )
                                       )
13  _____Respondent._____ )

14          Petitioner Zel Norman has paid now the required filing fee in this habeas corpus action. The

15  petition shall be served upon respondents. The court has conducted its initial review of the petition as

16  required by Rule 4 of the Rules Governing Section 2254 Cases and finds the petition must be dismissed.

17  **I.      Timeliness**

18          The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of

19  limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one year time

20  limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct

21  review, or upon the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A); *see also*

22  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("time for seeking direct review" under 28 U.S.C.

23  §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of

24  certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the

25  petitioner actually files such a petition). Furthermore, a properly filed petition for state post-conviction

26  relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

27          According to the habeas petition, petitioner was convicted on June 2, 2006. Petitioner's direct

28  appeal became final on February 20, 2007.  The time for filing for review by the United States Supreme

1   Court expired some ninety days later, on May 22, 2007. *Bowen,* 188 F.3d at 1159. The time period for

2   filing a federal habeas petition was tolled until that date. Petitioner filed a state habeas corpus action

3   on March 5, 2008, and review of that petition concluded on May 1, 2008. The time period between May

4   22, 2007, and March 5, 2008, or 288 days, was not tolled. The time period between filing the state

5   petition and conclusion of review of the petition would be tolled. Petitioner handed his federal petition

6   to prison officials for mailing on July 12, 2013. Petitioner expired an additional 1898 days during that

7   untolled period for a total of 2186 days or just less than six years. The petition was filed beyond the one-

8   year time limitation.

9          Petitioner's claims appear to be an attack of the procedures followed in the state court related to

10   a motion to correct an illegal sentence, specifically claiming that the state district court's refusal to enter

11   specific and detailed findings of fact or law violates petitioner's due process. He provides no copies of

12   the orders to which he refers and gives no dates related to when the motion was filed or orders entered.

13          The court has reviewed the Nevada Supreme Court's docket, referencing petitioner's criminal

14   case number, and has located the subject order in the Nevada Supreme Court's case number 61391, Zel

15   Norman v. The State of Nevada. The Order of Affirmance was entered on April 9, 2013, and notes that

16   the originating motion to correct the illegal sentence was filed by petitioner on June 13, 2012. Thus, the

17   motion to correct an illegal sentence was also filed beyond the one-year limitations period.

18          Once the limitatons period has expired, it cannot be reinitiated by such a motion. *Ferguson v.*

19   *Palmateer*, 321 F.3d 820, 823 (9th Cir.2003) ("[S]ection 2254 does not permit the reinitiation of the

20   limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482

21   (9th Cir.2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars

22   federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000) ("A state-court petition

23   [ ] that is filed following the expiration of the limitations period cannot toll that period because there is

24   no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2001). The petition

25   is clearly untimely filed.

26   ///

27   ///

28   ///

2

## II.   <u>Successive</u>

The petition is also successive, as petitioner has had a previous § 2254 petition attacking the instant conviction.  *See* Norman v. Benedetti, 3:09-cv-00282-HDM-RAM, filed June 9, 2009.  That petition was also dismissed as untimely.  *Id.*, at dkt # 16.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); Gonzalez v. Crosby, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); see also Felker v. Turpin, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  The petitioner has not presented this Court with proof that he has obtained leave to file a successive petition from the Court of Appeals.

## III.   <u>Failure to State A Viable Federal Claim</u>

The court notes, also pursuant to its Rule 4 review, that petitioner raises no viable claims attacking the fact, length, or nature of his incarceration.  28 U.S.C. § 2254 provides that a federal court may hear claims from a state convicted petitioner which argue his conviction or sentence violate federal law, treaties or the Constitution. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). As mentioned above, petitioner attacks the lack of specific findings of fact or law in deciding his motion to correct an illegal sentence.  In his petition, he cites to one Nevada statute - NRS 173.095, related to the procedure to be used in notifying a defendant that the state will see a habitual criminal enhancement. The statute requires that a notice of that intent be filed.

The federal courts are not arbiters of state law or its application in state judicial process. *See Gryger v. Burke,* 334 U.S. 728, 731, 68 S.Ct. 1256,1258 (U.S. 1948) ("We cannot treat a mere error of

3

1   state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court

2   on state law would come here as a federal constitutional question"). Only if the state law creates a liberty

3   interest protected by the United States Constitution would violation of that law invoke federal habeas

4   protection.  For that to occur, the law must set forth substantive predicates to govern official decision-

5   making and it must contain explicitly mandatory language requiring a certain outcome if the substantive

6   predicate has been met.  *See Kentucky Dept. Of Corrections v. Thompson,* 490 U.S. 454, 462-63, 109

7   S. Ct. 1904 (1989).  Moreover, where the case is governed by the AEDPA, the liberty interest must be

8   one recognized by the United States Supreme Court.  *See Nunes v. Ramirez-Palmer,* 485 F.3d 432, 443

9   (9th Cir. 2007) *cert.* denied 128S.Ct. 404 (2007) (rejecting petitioner's liberty interest claim under §

10  2254(d)(1) because "the United States Supreme Court has never recognized California's *Sumstine*

11  doctrine as creating a liberty interest that is protected by the Fourteenth Amendment").  Only if such a

12  liberty interest has been recognized by the United States Supreme Court can the state court's

13  determination of this claim be contrary to or an unreasonable application of clearly established federal

14  law as determined by the Supreme Court of the United States.

15      Petitioner has not argued that the Nevada Supreme Court's decision was contrary to or an

16  unreasonable application of clearly established federal law.  His due process arguments are not tenable

17  where the alleged failing on the part of the state court is merely a procedural issue of state law.

18      The court has considered its procedural decisions and the claims raised by petitioner and finds

19  that they do not raise any claims that may be debatable among jurists of reason.  *See Slack v.*

20  *McDaniel,*529 U.S. 473, 483-84 (2000).  The court therefore declines to issue a certificate of

21  appealability.

22      **IT IS THEREFORE ORDERED** that the clerk shall **file and electronically SERVE** a copy

23  of the petition for writ of habeas corpus (and a copy of this order) upon respondents.

24      **IT IS FURTHER ORDERED** that the petition shall be **dismissed with prejudice** as untimely,

25  successive and it fails to raise any viable federal claim.

26  ///

27  ///

28  ///

4

1      **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  The Clerk shall

2  enter judgment accordingly.

3

4      DATED this 23rd day of August, 2013.

5

6                                                                _____

7                                                                LARRY R. HICKS
                                                                 UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28